IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-10173-WEB |
| | ) | |
| NAZER A. HAIDAR, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

Now before the court is the defendant, Nazer A. Haidar, for sentencing. The record shows the defendant was indicted on two counts, Making False Statements in violation of 18 U.S.C. § 152(3) and Bankruptcy Fraud, Aiding and Abetting, in violation of 18 U.S.C. § 157(1) and (2). The defendant was convicted on both counts following a jury trial. A presentence investigative report was completed, and neither party filed any objections. The defendant filed a number of exhibits for the court's consideration before sentencing, but did not file a sentencing memorandum. At sentencing, the defendant requested a motion for variance. The court ruled orally on these matters at the sentencing hearing. This written memorandum will supplement the court's oral ruling.

The defendant argued at the time of sentencing for a sentence variance. The defendant argued the case was filed days before the statute of limitations ran, the defendant relied on the advise of his bankruptcy counsel at that time of the bankruptcy proceeding, and there was no intentional fraud or misrepresentation. The defendant also argued that there was no actual loss, and he cooperated with law enforcement when he was questioned. Defendant is an immigrant from Lebanon, and he argues he has trouble communicating, and his crimes of conviction are

attributed to the language barrier.  The defendant requests a sentence variance based on 18 U.S.C. § 3553 and  pursuant to United States v. Kimbrough, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

In <u>United States v. Kimbrough</u>, the Court determined that the district court should consider the advisory Guideline range.  Then, the court should consider the factors set forth in § 3553.  Finally, after careful consideration, the court should "impose a sentence sufficient, but not greater than necessary" to accomplish the sentencing goals advanced in § 3553(a)(2).  128 S.Ct. at 575.

The court has considered the factors set forth in 18 U.S.C. § 3553.  The court recognizes the crimes of conviction are non-violent, financial crimes.  The defendant does not have any criminal convictions.  The crimes of conviction show the defendant was not honest in his filings with the bankruptcy court.  The defendant applied for and received over 30 credit cards, and then attempted to discharge over $211,000.00 in credit card debt.  The court recognizes this money will probably never be repaid.

The recommended Guideline range is 33 to 41 months on Count 1 and Count 2.  This case was determined by a jury trial.  The court heard evidence presented by the Government and the defendant, and takes the evidence into consideration in sentencing the defendant.  The court has considered the factors set forth in 18 U.S.C. § 3553, the nature and circumstances of the offense; the defendant's history, the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, deter criminal conduct, and protect the public from further crimes of the defendant.  The court determines a sentence at the low end of the recommended guideline range is a sufficient sentence for the crimes of conviction.  Such a sentence is

substantial, it will provide adequate deterrence, and it will reflect the seriousness of the offence.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that the defendant's request for a sentence variance pursuant to 18 U.S.C. § 3553 be DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

SO ORDERED this 22 day of July, 2008.

        s/ Wesley E. Brown
Wesley E. Brown, Senior U.S. District Judge