IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-10173-WEB |
| ) | |
| NAZER A. HAIDAR, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER

On September 9, 2009, the defendant, Nazer A. Haidar, came before the court for re-sentencing following the successful appeal of his sentence. The record shows the defendant was indicted on two counts, Making False Statements in violation of 18 U.S.C. § 152(3) and Bankruptcy Fraud, Aiding and Abetting, in violation of 18 U.S.C. § 157(1) and 18 U.S.C. § 2. The defendant was convicted on both counts following a jury trial. At the defendant's first sentencing hearing, neither party filed an objection to the presentence report. The defendant requested a variance from the guideline sentence. The court imposed a sentence of 33 months, which was a sentence at the low end of the Guidelines. The defendant appealed to the Tenth Circuit, arguing he was denied his right to allocution at the time of sentencing. The Tenth Circuit agreed, and remanded the case for re-sentencing. Prior to today's sentencing hearing, neither party filed an objection to the presentence report, however, the defendant filed a sentencing memorandum, requesting a variance of the sentence to time served. The court ruled orally on these matters at the sentencing hearing. This written memorandum will supplement the court's oral ruling.

The defendant argues that he was not satisfied with the representation of his trial counsel,

1

as he was suppose to bring in witnesses, which he did not do, and his counsel would not let him speak to the judge. He argues that he did not break the law intentionally, but because he misunderstands English and the law. He asks to be able to be reunited with his family. The defendant also states that this has been traumatic for him and his daughter. The defendant argues that his limited education and limited understanding of the English language should be a mitigating factor. The defendant asks the court for leniency, and argues that the Guidelines should not penalize the defendant for exercising his constitutional right to go to trial.

The defendant correctly points out that the court should consider the Guidelines as well as other factors in determining an appropriate sentence. <u>Kimbrough v. United States</u>, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). The court must also consider the factors set forth in 18 U.S.C. § 3553. In reviewing the factors, the court is aware that the defendant does not have any criminal convictions. He has been in the United States for over 19 years. The court is also aware that the defendant applied for, and received, over 30 credit cards. He accumulated over $200,000 worth of debt, and then filed for bankruptcy. In the bankruptcy proceeding, he transferred reportable gifts to family members, and attempted to hide accounts. This type of behavior shows the defendant does not have respect for the law of the United States. Although the debt was not discharged in bankruptcy, the court is aware the defendant will probably never repay the credit card debt. A sentence of imprisonment will afford deterrence to criminal conduct, and will protect the public.

The defendant argues that he was not satisfied with his trial and sentencing counsel. An argument for ineffective assistance of counsel should be raised on collateral attack, not at sentencing.

Congress has directed sentencing courts to impose a sentence "sufficient, but not greater than necessary" to comply with the purposes enumerated in 18 U.S.C. § 3553.  The court has considered the factors set forth in 18 U.S.C. § 3553, the guideline range, the nature and circumstances of the offense, the defendant's history and characteristics, as well as the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, deter criminal conduct, and protect the public from further crimes of the defendant.   A sentence of 33 months is a sufficient sentence for the crimes of conviction.

IT IS ORDERED for the reasons set forth above that the defendant's request for a sentence variance pursuant to 18 U.S.C. § 3553 be DENIED.  The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

SO ORDERED this 10th  day of September, 2009.


  s/ Wesley E. Brown
Wesley E. Brown
Senior United States District Judge